# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JULIA A. HOLLAND,
    Appellant,

   v.

DEPARTMENT OF THE INTERIOR,
    Agency.

DOCKET NUMBER
DC-3443-14-0014-I-1

DATE: September 15, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christopher Holland</u>, Vienna, Virginia, for the appellant.

<u>Kerry E. Creighton</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed her involuntary reassignment appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to clarify that the Board lacks jurisdiction over the appeal because the appellant did not make a nonfrivolous allegation that she lost pay or grade as a result of the reassignment. Except as expressly modified by this Final Order, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The appellant filed a Board appeal, claiming that the agency's "involuntary 'management-directed employee reassignment,'" from a GS-07 Secretary position at Wolf Trap National Park for the Performing Arts to a GS-07 Secretary position at National Capital Parks-East (NACE), was improper. Initial Appeal File (IAF), Tab 1. She raised affirmative defenses of age discrimination, harmful procedural error, prohibited personnel practices and abuse of authority. *See id.* She also alleged that she was "effectively demoted" from her GS-07 position. *See* IAF, Tab 4 at 1. The administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction. IAF, Tab 7, Initial Decision (ID). In pertinent part, the administrative judge found that the appellant did not make a nonfrivolous allegation of jurisdiction because she did not "demonstrate" that she lost pay or grade in the reassignment, and she concluded that the Board does not

have independent jurisdiction over the appellant's affirmative defenses. ID at 2-3.

¶3      The appellant filed a petition for review, the agency filed a response, and the appellant filed a reply. Petition for Review (PFR) File, Tabs 1, 3-4. On review, the appellant reiterates that she "effectively 'lost grade'" through this directed reassignment, and she asserts that she still does not have a position description for the GS-07 position at NACE. PFR File, Tab 1 at 1-2. She further asserts that the Board's decision in *Miller v. Department of the Interior*, 119 M.S.P.R. 438, *aff'd as modified*, 120 M.S.P.R. 426 (2013), has relevant principles for this appeal. *See* PFR File, Tab 1 at 3. In this regard, she seems to be arguing the merits of the agency's decision to direct her reassignment, purportedly due to budgetary shortfalls and a need for her skills at another location. *See id.* The appellant further states that she and a GS-11 colleague, who also received a reassignment order, construed their receipt of the orders as attempts to coerce their retirements because they involved "dangerously burdensome commutes," and she notes that her colleague recently retired. *See id*.

¶4      The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board has jurisdiction over a removal, a suspension for more than 14 days, a reduction in grade or pay, and a furlough of 30 days or less. 5 U.S.C. §§ 7512, 7513(d). The appellant bears the burden of establishing jurisdiction over an appeal. 5 C.F.R. § 1201.56(a)(2)(i). If the appellant makes a nonfrivolous allegation of fact that, if proven, would establish the Board's jurisdiction, then she is entitled to a hearing at which time she must prove jurisdiction. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1330 (Fed. Cir. 2006); *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

¶5      The appellant alluded to a reduction in grade when she asserted that a GS-07 Secretary position did not exist within NACE when she received her

reassignment order or after she had been reassigned and only a GS-06 position "was known to have existed" within NACE. IAF, Tab 4 at 1. In support of this assertion, she provided an "Opportunities for Voluntary Reassignment" handout, which identified several vacancies, including a vacancy for a GS-06 Administrative Assistant position, during the May-June 2013 timeframe. *Id.* at 2-4.

¶6      We are not persuaded that the appellant's allegations constitute a nonfrivolous allegation of Board jurisdiction. Importantly, the appellant acknowledges on review that she was reassigned "to another GS-7 pay-grade position." PFR File, Tab 1 at 3. Moreover, the fact that, nearly 4 months prior to the effective date of the appellant's reassignment, there was a vacant GS-06 Administrative Assistant position within NACE does not constitute a nonfrivolous allegation that she lost pay or grade once she was reassigned to NACE.[2]

¶7      We have considered the appellant's argument that the principles articulated in *Miller* are applicable and her assertion in her reply brief that the agency cannot meet its burden. PFR File, Tab 1 at 3, Tab 4 at 1. In *Miller*, 119 M.S.P.R. 438, ¶¶ 3, 7, 9-11, the agency removed the appellant for failing to accept a management-directed reassignment to fill a newly-created position. The Board held that the agency must establish by preponderant evidence that the geographic reassignment was properly ordered due to bona fide management considerations in the interest of promoting the efficiency of the service. The Board concluded that the agency did not meet its burden in this regard, and it reversed the removal action. As the appellant appears to concede, *Miller* is distinguishable from this case because Ms. Miller was removed for failing to accept a directed

---

[2] In the initial decision, the administrative judge concluded that the appellant failed to make a nonfrivolous allegation of jurisdiction because, among other things, the appellant did not "demonstrate" that she lost pay or grade in the reassignment. *See* ID at 3. We modify the initial decision to clarify that the Board lacks jurisdiction over the appeal because the appellant did not make a nonfrivolous allegation that she lost pay or grade. *See Garcia*, 473 F.3d at 1330.

reassignment, whereas, here, there is no adverse action giving rise to the Board's jurisdiction.  *See* PFR File, Tab 1 at 3.  *Compare Miller*, 119 M.S.P.R. 438, ¶ 3, *with* IAF, Tab 4 at 1.  Because of the different procedural posture of these matters, it is not appropriate to hold the agency to the burden of proof articulated in *Miller*.  *See* PFR File, Tab 4 at 1.  Rather, the appellant bears the burden to prove that the Board has jurisdiction over this appeal, and she failed to make a nonfrivolous allegation in this regard.

¶8        Regarding the appellant's assertion that she was coerced to retire, we note that a nonfrivolous allegation of coercion may satisfy an appellant's initial jurisdictional burden in an involuntary retirement appeal.  *See, e.g.*, *Carey v. Department of Health & Human Services*, 112 M.S.P.R. 106, ¶¶ 5-7 (2009); *Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶¶ 23-29 (2004).  Here, however, there is no evidence that the appellant retired or otherwise was separated from the federal service.  Therefore, we need not consider this argument on review.

¶9        In light of our disposition, we also agree with the administrative judge that the Board lacks jurisdiction to review the appellant's affirmative defenses.  *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (stating that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.